1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CANDACE SMITH,

           Plaintiff,

    v.

CITY OF FRESNO, et al.,

           Defendants.

Case No.  1:25-cv-00420-JLT-BAM

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF ACTION
WITHOUT LEAVE TO AMEND

(Doc. 1)

FOURTEEN-DAY DEADLINE

Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on April 10, 2025.  Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

2  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

3  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

4  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

5          To survive screening, Plaintiff's claims must be facially plausible, which requires

6  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

7  for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

8  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

9  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

10  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

11          **I.      Summary of Plaintiff's Allegations**

12          Plaintiff names the City of Fresno, FAX Bus System, Naomi Chavez, and Hedi Briggs as

13  defendants.  Plaintiff utilized this Court's complaint form to prepare her complaint.  In the section

14  of the form regarding the basis of this Court's jurisdiction, Plaintiff alleges federal question.

15  (Doc. 1 at 3.)  Plaintiff asserts the following as the specific federal statutes, federal treaties, and/or

16  provision of the United States Constitution that are at issue:  "Attempted Bus Crash Refusal to

17  pay doctor Bills & Injury Compensation."  (*Id.* at 4.)  In the statement of claim section of the

18  form, Plaintiff alleges that the bus abruptly and violently stopped.  She flew out of the seat and

19  landed on both legs and arms.  She alleges "[t]errible injuries" and right arm bruising.  (*Id.* at 5.)

20  Plaintiff seeks monetary and medical relief.

21          **II.     Discussion**

22          **A. Federal Rule of Civil Procedure 8**

23          Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

24  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

25  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

26  of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

27  (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

28  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

1    at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are

2    not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

3        Plaintiff's amended complaint is not a plain statement of her claims.  While short,

4    Plaintiff does not clearly state what happened, including the circumstance, when and where the

5    events happened, or who was involved.  Plaintiff also fails to link any of defendant to her

6    allegations.  Indeed, there are no specific allegations as to any of the individually named

7    defendants. The complaint does not contain sufficient factual matter to state a claim for relief.

8    The Court therefore finds that Plaintiff's complaint fails to comply with Rule 8.

9        **B.  Federal Court Jurisdiction**

10        Federal courts are courts of limited jurisdiction and may adjudicate only those cases

11    authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*,

12    511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary

13    appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)

14    (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without

15    jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v.*

16    *California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Generally, there are

17    two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question

18    jurisdiction. 28 U.S.C. §§ 1331, 1332.  The complaint fails to adequately allege this Court's

19    subject matter jurisdiction.  Although Plaintiff lists the basis of this Court's jurisdiction as

20    federal question, the Court will assess both diversity jurisdiction and federal question

21    jurisdiction.

22        **1.  Diversity of Citizenship**

23        Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil

24    actions "where the matter in controversy exceeds the sum or value of $75,000," and where the

25    matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

26        Here, the complaint does not provide a specific dollar amount, nor does it allege the

27    citizenship of any party.  To the extent Plaintiff is a citizen of California, she cannot establish

28    complete diversity of citizenship because she has named the City of Fresno as a defendant.  *See*

*Moor v. Alameda County*, 411 U.S. 693, 717 (1973) (recognizing that a political subdivision of a State is a citizen of the State for diversity purposes); *see also Smith v. Chick-Fil-A*, No. 1:24-cv-01471-JLT-HBK, 2025 WL 489752, at *2 (E.D. Cal. Feb. 13, 2025)  (taking judicial notice that defendant City of Fresno is a citizen of the State of California for diversity purposes).  Thus, on its face, Plaintiff's complaint fails to establish this Court's diversity jurisdiction.

**2.  Federal Question**

Plaintiff asserts that the basis of this Court's jurisdiction is federal question.   Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States upon which relief in this civil action may be premised. Plaintiff does not cite any particular constitutional provision that would be applicable to the allegations in her complaint.  Plaintiff also does not cite or otherwise reference any federal laws to establish federal question jurisdiction.  Rather, Plaintiff is apparently pursuing a claim for personal injury while riding the bus, which would be a state law claim.  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff cannot pursue such claims in this Court without first stating a cognizable claim under federal law. *See* 28 U.S.C. § 1367. Plaintiff has not stated any cognizable federal claim over which this Court may assert federal question jurisdiction under 28 U.S.C. § 1331.

**C.  Leave to Amend**

When dismissing a complaint, the Ninth Circuit has consistently held that "leave to amend

1    should be granted unless the district court determines that the pleading could not possibly be

2    cured by the allegation of other facts." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.

3    2001) (internal quotation omitted).  Granting Plaintiff leave to amend in this action would be

4    futile considering Plaintiff's history of deficient filings and repeated advisement by the Court of

5    the very same pleading and legal requirements stated in this order.  *See Smith v. Fittness*, No.

6    1:24-CV-01561-SAB, 2025 WL 278023, at *4 (E.D. Cal. Jan. 23, 2025) (collecting twelve cases

7    filed by Plaintiff in this Court advising her of the Rule 8 standard and/or subject matter

8    jurisdiction requirements).  Plaintiff is therefore well aware that any complaint must contain

9    sufficient facts showing she entitled to relief and that she must establish that the Court has subject

10   matter jurisdiction over this action.  Given Plaintiff's failure to comply with Rule 8 or to establish

11   this Court's jurisdiction, the Court finds that allowing for further amendment of the complaint

12   would be futile.  The Court will therefore recommend that this action be dismissed without leave

13   to amend.

14          **III.    Conclusion and Recommendation**

15          For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed

16   without leave to amend.

17          These Findings and Recommendations will be submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

19   **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

20   file written objections with the court.  The document should be captioned "Objections to

21   Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

22   **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

number if already in the record before the Court.  **Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2025**                           /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE

6