UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>          Plaintiff,<br><br>   v.<br><br>CITY OF FRESNO, et al.,<br><br>          Defendants. | Case No.: 1:25-cv-0420 JLT BAM<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT |

Candace Smith is proceeding *pro se* and *in forma pauperis* in this action, as she has in each case filed before this Court. Because Plaintiff has an extensive history of frivolous and repetitive litigation in this district, Plaintiff **SHALL** show cause as to why she should not be declared a vexatious litigant and subjected to pre-filing conditions.

Courts have authority to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The Ninth Circuit observed that "pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

Pursuant to Local Rule 151(b), the Eastern District of California adopted the provisions of Title 3A, part 2 of the California Code of Civil Procedure regarding vexatious litigants. Under

California law, a vexatious litigant is defined as a person who:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been [] finally determined adversely to the person or …
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

Cal. Code Civ. Pro. § 391(b).  These provisions were "designed to curb misuse of the court system by those persistent and obsessive litigants who … waste the time and resources of the court system and other litigants."  *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011).

Under federal law, the Court is instructed to consider "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).  Therefore, prior to declaring litigant "vexatious" and entering pre-filing restrictions, the Court must (1) provide the litigant notice and a chance to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolous nature of the litigant's actions, and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered" by the Court.  *De Long*, 912 F.2d at 1147-48; *Molski*, 500 F.3d at 1057.

Plaintiff qualifies as a vexatious litigant under the above provisions of California law, because she filed more than 20 actions in since January 2024, which the Court has dismissed for lack of jurisdiction and/or failure to prosecute.  None of the cases Plaintiff filed proceeded beyond the initial screening phase.  Plaintiff's numerous non-meritorious filings have demanded significant judicial resources—despite the ongoing judicial emergency in this district—because the Court is required to screen each complaint filed by a plaintiff proceeding *in forma pauperis*.  Although the Court repeatedly explained the applicable pleading standards and its limited jurisdiction, Plaintiff persists in

filing matters that do not invoke this Court's jurisdiction and filing complaints that fail to state a claim. The Court cannot continue to expend its limited resources on Plaintiff's frivolous filings. *See De Long,* 912 F.2d at 1148.

Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of this order why she should not be declared a vexatious litigant and pre-filing restrictions should not be imposed.

IT IS SO ORDERED.

Dated: **May 8, 2025**

_____
UNITED STATES DISTRICT JUDGE