**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDACE SMITH, | Case No.: 1:25-cv-0420 JLT BAM |
| Plaintiff, | ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSING PRE-FILING CONDITIONS |
| v. | |
| CITY OF FRESNO, et al., | |
| Defendants. | |

Candace Smith is proceeding *pro se* and *in forma pauperis* in this action, as she has in each case filed before this Court. Due to Plaintiff's extensive history of frivolous and repetitive litigation in this district, the Court now declares Plaintiff a vexatious litigant and imposes pre-filing conditions to any further actions.

**I.     Background**

Plaintiff has filed numerous, non-meritorious lawsuits in this district as a pro se litigant, each of which has required screening due to her requests to proceed *in forma pauperis*. On May 8, 2025, the Court ordered Plaintiff to show cause why she should not be declared a vexatious litigant and pre-filing restrictions should not be imposed. (Doc. 5.) The Court ordered Plaintiff to respond within 14 days. (*Id.* at 3.) Plaintiff did not file any response—or otherwise communicate with the Court—and the time to do so has expired.

///

## II. Vexatious Litigant Status

Courts have authority to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The Ninth Circuit observed that "pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

Pursuant to Local Rule 151(b), the Eastern District of California adopted the provisions of Title 3A, part 2 of the California Code of Civil Procedure regarding vexatious litigants. Under California law, a vexatious litigant is defined as a person who:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been [] finally determined adversely to the person or …
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

Cal. Code Civ. Pro. § 391(b). These provisions were "designed to curb misuse of the court system by those persistent and obsessive litigants who … waste the time and resources of the court system and other litigants." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011).

Under federal law, the Court is instructed to consider "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Therefore, prior to declaring litigant "vexatious" and entering pre-filing restrictions, the Court must (1) provide the litigant notice and a chance to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolous nature of the

litigant's actions, and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered" by the Court. *De Long*, 912 F.2d at 1147-48; *Molski*, 500 F.3d at 1057. The Ninth Circuit described the first two factors as "procedural considerations," while the third and fourth factors "are substantive considerations," which help the Court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at 1057-58.

### III.     Discussion and Analysis

#### A.     Notice and chance to be heard

The first factor, related to procedural due process, is satisfied where the Court notifies the litigant that it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1063 (9th Cir. 2014). Through the order to show cause, the Court provided notice to Plaintiff that it was considering declaring her a vexatious litigant and imposing restrictions. In addition, the Court granted Plaintiff the opportunity to respond in writing with "why she should not be declared a vexatious litigation and pre-filing restrictions should not be imposed." (Doc. 5 at 3.) Thus, the Court provided "notice and a chance to be heard." *See De Long*, 912 F.2d at 1147-48; *Ringgold-Lockhart*, 761 F.3d at 1063. However, Plaintiff did not respond to the Court.

#### B.     Plaintiff's litigation history[1]

To create "[a]n adequate record for review," the Court should identify "all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. The Court reviewed Plaintiff's litigation history, including the dockets of each of the actions she filed in the Eastern District. In each action Plaintiff filed—a total of more than 20 civil

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.,* 80 F.R.D. 626, 635 n. 1 (N.D.Cal. 1978), *aff'd,* 645 F.2d 699 (9th Cir. 1981). Therefore, judicial notice is taken of the Court's records in each of the cases discussed in this section. To the extent the Court references the assertions made by Plaintiff in her various pleadings, the Court does not take judicial notice of the veracity of her assertions. *See United States v. S. Cal. Edison Co*., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("A court can only take judicial notice of the existence of those matters of public record [such as] the existence of a motion or of representations having been made therein[,] but not of the veracity of the arguments and disputed facts contained therein") (emphasis omitted).

actions against various individuals and entities since 2024—Plaintiff requested to proceed *in forma pauperis*. Accordingly, the Court was required to screen her complaints pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it had jurisdiction and whether Plaintiff stated cognizable claims. None of the closed cases proceeded beyond the screening stage.[2] Rather, the Court dismissed the actions for failure to state a cognizable claim, lack of jurisdiction, and/or Plaintiff's failures to prosecute and comply with the Court's orders.

### 1.    *Smith v. Scott*, Case No. 1:21-cv-1614 DAD BAM

Plaintiff initiated this action by filing a complaint on November 4, 2024, asserting the defendant had a "twisted love affair" with her ex, attempted kidnapping, stole items from Plaintiff, stole Plaintiff's identity, paid a district attorney to have Plaintiff arrested, and made fraudulent insurance claims. (Case No. 1:21-cv-1614, Doc. 1 at 5.) The Court screened the complaint and found Plaintiff failed to state a cognizable claim. After Plaintiff did not amend her complaint, the Court dismissed the action for "failure to state a cognizable claim for relief, failure to obey a court order, and failure to prosecute" on May 24, 2022. (Case No. 1:21-cv-1614, Doc. 7 at 2.)

### 2.    *Smith v. Novoa*, Case No. 1:24-cv-0199 JLT SKO

Plaintiff filed a complaint on February 14, 2024, asserting she believed the Dannette Novoa "intentional (sic) used her vehicle as a means for weapon causing a great car crash" and attempted vehicular manslaughter under the California penal code. (Case No. 1:24-cv-0199, Doc. 1 at 5.) The Court found Plaintiff failed to state a cognizable claim and explained the limits of its jurisdiction to Plaintiff. (Case No. 1:24-cv-0199, Doc. 7.) The Court dismissed the complaint without prejudice for lack of jurisdiction on March 26, 2024. (Case No. 1:24-cv-0199, Doc. 8.)

### 3.    *Smith v. Cordoza*, Case No. 1:24-cv-00200 KES BAM

Plaintiff also initiated this action by filing a complaint on February 14, 2024, which she amended on May 15, 2024. Plaintiff sought to hold the defendants— including two individuals and two insurance companies—liable for "hit and run insurance liability" and "breach of contract." (Case No. 1:24-cv-0200, Doc. 6 at 5.) Plaintiff failed to allege facts sufficient to provide fair notice to the

---

[2] A handful of actions remain open, including this action, in which the assigned magistrate judge recommended dismissal for lack of jurisdiction. (*See* Doc. 4.)

4

defendants or to invoke this Court's jurisdiction. The Court screened the complaint and dismissed the matter for failure to state a claim and lack of subject matter jurisdiction on October 11, 2024. (Case No. 1:24-cv-0200, Doc. 10.)

### 4. *Smith v. Planet Fitness*, Case No. 1:24-cv-0203 JLT HBK

Plaintiff sought to hold Planet Fitness, Private Security Company, and two employees liable for stalking, harassment, prostitution solicitation, and sexual assault. (Case No. 1:24-cv-0203, Doc. 1.) Fresno County Private Security Company appeared prior to the Court screening the complaint and moved to dismiss, asserting the Court lacked jurisdiction over the matter. (Case No. 1:24-cv-0203, Docs. 6, 7.) The Court found Plaintiff failed to provide sufficient information to proceed *in forma pauperis* and failed to allege facts sufficient to invoke the Court's jurisdiction. The Court granted Plaintiff an opportunity to amend her complaint to clarify the matter of its jurisdiction. (Case No. 1:24-cv-0203, Doc. 13.) After Plaintiff failed to pay the filing fee and failed to amend her complaint, the Court dismissed the action without prejudice on August 2, 2024. (Case No. 1:24-cv-0203, Doc. 14.)

### 5. *Smith v. McDonalds Inc.*, Case No. 1:24-cv-0204 KES SAB

Plaintiff filed a complaint seeking to hold McDonalds, a manager named Claudia, and Uber liable for "a terror & hate attack" because Claudia refused to give Plaintiff a food order for Uber, which "caused Plaintiff to lose employment [and] wages." (Case No. 1:24-cv-0204, Doc. 1 at 5.) The Court screened the complaint and found Plaintiff made "absolutely no allegations of any threatening or harassing conduct." (Case No. 1:24-cv-0204, Doc. 12 at 3.) The Court also found it lacked jurisdiction over the claims, because the limited allegations established there was not complete diversity. (*Id.* at 3-4.) The Court dismissed the complaint without leave to amend on November 25, 2024. (Case No. 1:24-cv-0204, Doc. 14.)

### 6. *Smith v. Novoa*, Case No. 1:24-cv-0221 KES HBK

On February 21, 2024, Plaintiff filed a second action against Dannette Novoa, also naming "Triple A Insurance" and the City of Clovis as defendants. (Case No. 1:24-cv-0221, Doc. 1.) Plaintiff sought to hold the defendants liable for "intentional torts and fraud concerning vehicular attempted manslaughter." (*Id*. at 4.) The Court screened the complaint, observed that it appeared duplicative of the prior action, and again found it lacked jurisdiction. (Case No. 1:24-cv-0221, Doc. 5.) The Court

dismissed the action for lack of jurisdiction on December 10, 2024.  (Case No. 1:24-cv-0221, Doc. 7.)

7. *Smith v. Novoa*, Case No. 1:24-cv-0251 KES HBK

On February 29, 2024, Plaintiff filed another action concerning the same vehicular incident, naming the following defendants: Dannette Novoa; "Triple A Insurance," and its employees "Daniel" and "Anthony"; the City of Fresno; and the City of Clovis.  (Case No. 1:24-cv-0251, Doc. 1.)  Because Plaintiff failed to show she was entitled to proceed *in forma pauperis,* the Court did not screen the complaint.  The Court dismissed the action without prejudice after Plaintiff failed pay the filing fee. (Case No. 1:24-cv-0251, Doc. 6.)

8. *Smith v. Davis*, Case No. 1:24-cv-0476 JLT EPG

On April 22, 2024, Plaintiff initiated an action against her aunt Kathy Davis, who Plaintiff identified as a "DMV Judge, prostitute nightwalker [and] call girl."  (Case No. 1:24-cv-0476, Doc. 1 at 2, Doc. 8 at 1.)  Plaintiff asserted that the defendant stalked and harassed her, drugged her, and committed several other criminal acts.  (Case No. 1:24-cv-0476, Doc. 8.)  Plaintiff sought to hold Davis liable for violations of the California Penal Code.  She also alleged and a "[v]iolation of [d]omestic terrorism act," but there were no facts alleged to support such a claim.  The Court screened the action and found Plaintiff failed to show this Court had either subject matter jurisdiction or diversity jurisdiction.  The Court dismissed the action on January 7, 2025. (Case No. 1:24-cv-0476, Doc. 10.)

9. *Smith v. Ayodale*, Case No. 1:24-cv-0538 JLT BAM

On May 6, 2024, Plaintiff initiated this action against several individuals who Plaintiff asserted were "special agents from the country of Nigeria" who committed acts of violence of against Plaintiff. (Case No. 1:24-cv-0538, Doc. 9.)  The Court screened the pleading and found the matter was frivolous, observing that "Plaintiff's allegations include conclusory, fantastical, and inflammatory statements in a disjointed narrative covering alleged events from the 1990s through March 14, 2024."  (Case No. 1:24-cv-0538, Doc. 11 at 3, 6.)  The Court also found it had neither subject matter nor diversity jurisdiction. (*Id.* at 4-6.)  The Court dismissed the action on August 8, 2024.  (Case No. 1:24-cv-0538, Doc. 12.)

10. *Smith v. West Coast Hotel Mgmt. LLC*, Case No. 1:24-0586 KES HBK

On May 16, 2024, Plaintiff initiated four separate actions.  The Court screened the complaint in this matter and found Plaintiff failed to state a cognizable claim, but granted leave to amend to cure the

pleading deficiencies (Case No. 1:24-0586, Doc. 7.) After the U.S. Postal Service returned Court mail as "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward," the Court dismissed the action for Plaintiff's failure to state a claim, failure to prosecute, and failure to comply with the Court's orders on December 3, 2024. (Case No. 1:24-0586, Doc. 9 at 1.)

11. *Smith v. Kemper Insurance*, Case No. 1:24-cv-0587 KES BAM

In the second action filed on May 15, 2024, Plaintiff sought to hold Kemper Insurance, All-State Insurance, and Steve D'Ambrosio liable for acts involving "breach of contract, manipulation of date, changing phones & insurance plan, falsifying documents & lying about nature of insurance, suffering the victim… racism[,] claiming that [she's] a low life…, torturing & theft[,] hid evidence & hacking." (Case No. 1:24-cv-0587, Doc. 1 at 5.) The Court screened the complaint and found Plaintiff failed to state a cognizable claim. (Case No. 1:24-cv-0587, Doc. 4.) However, the U.S. Postal Service returned the Screening Order as undeliverable, and Plaintiff did not inform the Court of her new mailing address. Therefore, the Court dismissed the action without prejudice— for failure to prosecute and failure to comply with Local Rule 183—on November 19, 2024. (Case No. 1:24-cv-0587, Doc. 8.)

12. *Smith v. Farmers Insurance*, Case No. 1:24-cv-0588 KES BAM

In Plaintiff's third action filed on May 15, 2024, Plaintiff alleged that Farmers Insurance and Renee Ballot were liable for "breach of contract / faulty contract[,] torts & other manipulative strategies." (Case No. 1:24-cv-0588, Doc. 1 at 4.) She asserted the defendants were "organized criminals" and did not handle her claim properly. (*Id.* at 5.) Before the Court had an opportunity to screen this complaint, the defendants moved to dismiss for lack of jurisdiction. (Case No. 1:24-cv-0588, Doc. 4-1.) After the Court issued a minute order regarding the pending motion, the U.S. Postal Service again returned the mail as undeliverable. The Court dismissed the action without prejudice for failure to prosecute on March 25, 2025. (Case No. 1:24-cv-0588, Doc. 9.)

13. *Smith v. Community Hospital*, Case No. 1:24-cv-0589 KES BAM

In the fourth action Plaintiff filed on May 16, 2024, she sought to hold Community Regional Hospital, Saint Agnes Hospital, Kaiser & Kennesaw Hospital, and United Health Care liable for unidentified criminal acts related to a triplet pregnancy. (Case No. 1:24-cv-0589, Doc 1.) The Court

screened the complaint and found that while Plaintiff indicated this Court had federal question jurisdiction, there was nothing to support this conclusion.  The Court found Plaintiff did "not clearly state what happened, when it happened, and who was involved." (Case No. 1:24-cv-0589, Doc. 4 at 3.)  In addition, the Court noted Plaintiff had no authority to criminal prosecute anyone as a private citizen. (*Id.* at 4.)  Given the lack of allegations, the Court granted Plaintiff an opportunity to amend her complaint. (*Id.*)  However, Plaintiff did not prosecute the case and still failed to update her address, after which Court dismissed the action on December 13, 2024. (Case No. 1:24-cv-0589, Doc. 8.)

14. *Smith v. Chick-Fil-A*, Case No. 1:24-cv-0814 JLT BAM

Plaintiff filed an action on July 15, 2024, seeking to hold Chick-Fil-A, and others, liable for "violation of [her] civil rights" and racketeering after she asked for a cup of ice and was "refused services." (Case No. 1:24-cv-0814, Doc. 1 at 5.)  The Court screened this complaint and found Plaintiff failed to comply with the pleading requirements of the Federal Rules of Civil Procedure and did not state a cognizable claim. (Case No. 1:24-cv-0814, Doc. 4.)  Once again, the Postal Service returned the Court's mail as undeliverable, after which the Court dismissed the action for failure to state a claim, failure to prosecute, and failure to comply with the Local Rules. (Case No. 1:24-cv-0814, Doc. 7.)

15. *Smith v. Ayodele*, Case No. 1:24-cv-1100 JLT BAM

On September 16, 2024, Plaintiff initiated this action by filing a complaint, which she amended the following day. Plaintiff amended the complaint the following day, asserting Seyi Ayodele was stole from her family, and murdered Plaintiff's aunt and mother with poison. (Case No. 1:24-cv-1100, Doc. 3.)  Plaintiff accused Ayodele of rape, arson, distribution of child pornography, fraud, and spreading HIV and herpes to the public. (*Id.* at 1-6.)  She also alleged that Ayodeli paid Dannette [Novoa] to cause the car crash addressed in several of Plaintiff's prior complaints. (*Id.* at 4.)  The Court screened the complaint and found the criminal statutes referenced in the complaint did not include a private right of action, and Plaintiff failed to state a claim that would give this Court jurisdiction. (Case No. 1:24-cv-1100, Doc. 5 at 5-6.)  Although Plaintiff filed a second amended complaint, she did not cure the deficiencies identified by the Court in its first Screening Order.  Therefore, the Court dismissed the complaint without prejudice for lack of jurisdiction on December 23, 2024. (Case No. 1:24-cv-1100, Doc. 12.)

16. *Smith v. Dyer*, Case No. 1:24-cv-1288 JLT BAM

On October 22, 2024, Plaintiff filed a complaint against Jerry Dyer and Margaret Mims—the mayor of Fresno and former Sheriff of Fresno, respectively— seeking to hold them liable for civil rights violations, murder, attempted murder, harassment, and "calling [Plaintiff] a slave." (Case No. 1:24-cv-1288, Doc. 1 at 4.)  She also alleged the defendants sent "cops to rape & drug" her at a hotel, were "using power & influence to get sex" from Plaintiff and her ex and used a hospital "to drug and murder" Plaintiff.  (*Id.* at 5.)  The Court screened her complaint and found no basis for jurisdiction. (Case No. 1:24-cv-1288, Doc. 4 at 3-5.)  In addition, the Court found leave to amend was futile "in light of Plaintiff's extensive history of deficient filings and repeated admonitions." (*Id.* at 5.) The Court dismissed the complaint without leave to amend and without prejudice on January 8, 2025. (Case No. 1:24-cv-1288, Doc. 5.)

17. *Smith v. University Inn Hotel*, Case No. 1:24-cv-01316 KES EPG

On October 28, 2024, Plaintiff initiated two civil actions.  In this action, Plaintiff filed a complaint against University Inn Hotel, Ramada Inn Hotel, Piccadilly Airport Hotel, Extended Stay Hotel, Starbucks, and Planet Fitness.  (Case No. 1:24-cv-01316, Doc. 1.)  Plaintiff asserts the defendants attempted to "purposefully harm a[n] ill person" by putting "cocaine & drugs in bed sheets, food, and drinks."  (*Id.* at 5.)  In screening the complaint, the Court found Plaintiff failed to comply with the pleading requirements of the Federal Rules and did not allege "facts to establish that the Court has subject-matter jurisdiction over this action."  (Case No. 1:24-cv-01316, Doc. 7 at 4; *id.* at 3-5.)  The Court noted its mail was returned as undeliverable, and attempted service at a new address provided by Plaintiff.  However, the Postal Service returned mail sent to both known addresses.  The Court dismissed the action for failure to state a claim and lack of jurisdiction on February 3, 2025.  (Case No. 1:24-cv-01316, Doc. 9.)

18. *Smith v. Carlise*, Case No. 1:24-cv-1317 KES BAM

In the second action filed on October 28, 2024, Plaintiff again sought to hold Renee Ballot, and several other individuals, liable for breach of contract, fraud, domestic terrorism, and a "violent car accident attack." (Case No. 1:24-cv-1317, Doc. 1 at 5.)  Although the Court attempted service of an order granting Plaintiff's request to proceed *in forma pauperis*, the Postal Service returned the order as

undeliverable. Plaintiff did not notify the Court of her new address, after which the Court dismissed the action for failure to prosecute on February 11, 2025. (Case No. 1:24-cv-1317, Docs. 8, 9.)

19.     *Smith v. Chick-Fil-A*, Case No. 1:24-cv-1471 JLT HBK

Plaintiff filed a complaint on December 3, 2024, in which she named 21 defendants: (1) Chick-Fil-A, (2) Planet Fitness, (3) McDonald's Incorporated, (4) West Coast Hotel Management, (5) Kemper Insurance, (6) Farmers Insurance, (7) Kaiser Hospital, (8) Community Hospital, (9) Dannette Novoa, (10) Michael Cordoza, (11) City of Fresno, (12) Linda Scott, (13) Agape Schools, (14) Lashun Smith, (15) Mercy Ayodele, (16) Ramada Inn, (17) Private Security Company, (18) Uber Technologies, (19) Saint Agnes Hospital, (20) University Square's Tran, and (21) University Inn's Armando. (Case No. 1:24-cv-1471, Doc. 1 at 1-3.) The Court screened Plaintiff's complaint and it failed "to establish federal subject matter jurisdiction, fail[ed] to comply with Federal Rule of Civil Procedure 8, and fail[ed] to state a cognizable claim upon which relief may be granted." (Case No. 1:24-cv-1471, Doc. 4 at 6.) Plaintiff filed an amended complaint, in which she reduced the number of named defendants to 18. However, she did not cure the pleading deficiencies identified by the Court. (Case No. 1:24-cv-1471, Doc. 6 at 2-5.) The Court dismissed the action without prejudice for lack of jurisdiction on March 6, 2025. (Case No. 1:24-cv-1471, Doc. 7.)

20.     *Smith v. George Brown Fitness*, Case No. 1:24-cv-1561 JLT SAB

Plaintiff initiated two actions, including this matter, on December 18, 2024. The Court screened the complaint, and found she failed to invoke the Court's jurisdiction for claims related to an incident at George Brown Fitness. The Court declined to grant leave to amend, noting that Plaintiff had at least a dozen complaints "screened by this heavily impacted Court," which "advised Plaintiff of the same pleading requirements," and she persisted in filing complaints that did not meet the pleading standards of the Federal Rules of Civil Procedure. (Case No. 1:24-cv-1471, Doc. 5 at 6.) The Court observed that "Plaintiff is well aware that her complaint must contain sufficient facts showing she is entitled to relief, that each defendant's involvement must be sufficiently alleged, and that Plaintiff must establish that this Court has… jurisdiction over the action." (*Id.* at 7.) Therefore, the Court declined to give leave to amend and dismissed the action on February 14, 2025. (Case No. 1:24-cv-1471, Doc. 6.)

21.     *Smith v. Ayodele*, Case No. 1:24-cv-1562 KES BAM

On December 18, 2024, Plaintiff initiated this action against Olusseyi Ayodele.[3] In the six complaints lodged or filed in this action—of which the Court screened two—Plaintiff sought to hold Ayodele liable for violating her civil rights, racketeering, gang influences, and robbery. (*See* Case No. 1:24-cv-1562, Docs. 1, 3, 6, 8, 9, 11.) Plaintiff alleged Olusseyi Ayodele burned down her house, stole her things, and "sold all items to Beyonce for $5 million." (Case No. 1:24-cv-1562, Doc. 11 at 5.) She also asserted Olusseyi Ayodele stole her identity; "violently attack[ed] Plaintiff and family with violent murders;" "used tear gas, fear spray, cocaine, heroin, meth & other chemicals;" purposefully infected police officers and their wives with HIV; "sent hitmen" to murder Plaintiff; "sent [a] cop to rape & steal baby;" and paid for her car crash. (*Id.*) The Court found the allegations were "disjointed and difficult to understand," and she did "not clearly state what happened, when it happened, and who was involved." (Case No. 1:24-cv-1562, Doc. 13 at 3.) In addition, the Court again explained Plaintiff could not state a claim under 42 U.S.C. § 1983 against a private individual, and there were not allegations to support a claim for racketeering. (*Id.* at 4-5.) Finally, the Court again informed Plaintiff that she could not bring claims for violations of criminal statutes. (*Id.*) The Court declined to give further leave to amend given "Plaintiff's history of deficient filings and repeated advisement by the Court of the pleading and legal requirements." (*Id.*) Thus, the Court dismissed the action on May 14, 2025. (Case No. 1:24-cv-1562, Doc. 14.)

22.     *Smith v. Spicy Mayo Restaurant*, Case No. 1:25-cv-0159 KES HBK

On February 7, 2025, Plaintiff filed a complaint against Spicy Mayo Restaurant, Farmers Insurance, and others, indicating she wanted to state an "[i]nsurance claim for raw shrimp poisoning." (Case No. 1:25-cv-0159, Doc. 1 at 4.) The Court screened the complaint and found Plaintiff failed "to state a claim that is plausible on its face" and did not allege facts sufficient to show jurisdiction. (Case No. 1:25-cv-0159, Doc. 4.) After Plaintiff filed an amended complaint, the Court screened the allegations and found Plaintiff failed to cure the pleading deficiencies identified when screening the

---

[3] It is unclear whether "Olusseyi Ayodele" is the same person as "Seyi Ayodele," but given the similarity between the names and the allegations made—regarding theft, murder, spreading HIV and paying for the car accident—it appears this may have been the same individual as Plaintiff filed a complaint against in Case No. 1:24-cv-1100.

11

amended complaint. (Case No. 1:25-cv-0159, Doc. 6.)  Therefore, the Court dismissed the action without further leave to amend. on May 15, 2025.  (Case No. 1:25-cv-0159, Doc. 8.)

23.     *Smith v. Fresno State University*, Case No. 1:25-cv-0329 KES BAM

On March 18, 2025, Plaintiff initiated two civil actions.  In this action, she filed a complaint against the Department of Education, Federal Student Aid, and Fresno State University.  (Case No. 1:25-cv-0329, Doc. 1.)  After the Court granted Plaintiff's request to proceed *in forma pauperis*, the Postal Service returned the Court's mail as undeliverable.  Plaintiff did not provide an updated address after she moved, and the Court dismissed with action without prejudice for failure to prosecute on June 6, 2025.  (Case No. 1:25-cv-0329, Doc. 5.)

24.     *Smith v. Chase Bank*, Case No. 1:25-cv-0330 JLT SKO

In the second action filed on March 18, 2025, Plaintiff brought claims against Bank of America, Chase Bank, Equifax, Experian, Golden I Credit Union, Transunion, and Wells Fargo for "violation of civil rights," racketeering, terrorists attacks, and robberies.  (Case No. 1:25-cv-0330, Doc. 1-1; *see also* Doc. 1 at 4.)  The Court screened the complaint and found Plaintiff failed to state a claim because she made only "conclusory statements" without facts to support her claims.  (Case No. 1:25-cv-0330, Doc. 4 at 4.)  In addition, the Court found Plaintiff did not plead "any cognizable basis for federal court jurisdiction." (*Id.* [cleaned up].)  After the Court screened the complaint, the Postal Service returned all of the Court's mail, including a prior order, as undeliverable.  The Court dismissed the action without prejudice for lack of jurisdiction on May 7, 2025.  (Case No. 1:25-cv-0330, Doc. 6.)

25.     *Smith v. Akkinola*, Case No. 1:25-cv-0418 KES HBK

On April 10, 2025, Plaintiff filed *five* separate complaints.  In this action, Plaintiff named the following defendants: Mercy Ayodele Akkinola, Midland Financial, Triple A Insurance, Dannette, Long John Silvers, Taco Bell, the Department of Motor Vehicles, the City of Fresno, and the City of Clovis.  (Case No. 1:25-cv-0418, Doc. 1 at 1.)  Plaintiff again asserts that the car crash with Dannette was intentional, the crash was attempted murder, and individuals put drugs in her food at unidentified times. (*Id.* at 5.)  The Court screened the complaint and found Plaintiff failed to state cognizable claims.  (Case No. 1:25-cv-0418, Doc. 4.)  Though the Court granted leave to amend, Plaintiff did not file an amended complaint.  On June 10, 2025, the magistrate judge issued Findings and

1  Recommendations, recommending dismissal for failure to prosecute and failure to obey the Court's
2  orders.  (Case No. 1:25-cv-0418, Doc. 5.)

3             26.     *Smith v. Walmart*, Case No. 1:25-cv-00419 EPG

4  The Court has not yet screened the complaint in this action, because Plaintiff's request to
5  proceed *in forma pauperis* remains pending.  (*See* Case No. 1:25-cv-0419, Doc. 5.)  The Court will not
6  make any findings as to the claims raised in the complaint at this time.  Nevertheless, the pending
7  screening supports a conclusion that Plaintiff's numerous complaints place a burden upon this Court
8  and its limited judicial resources.

9             27.     *Smith v. City of Fresno*, Case No. 1:25-cv-0420 JLT BAM

10  In the matter now pending before the Court, Plaintiff filed a complaint against the City of
11  Fresno, Naomi Chavez, Hedi Briggs, and the FAX Bus System.  (Case No. 1:25-cv-0420, Doc. 1 at 1.)
12  She asserted the basis of the Court's jurisdiction was federal question, due to an "attempted bus crash"
13  and the defendants' "refusal to pay doctor bills [and] injury compensation." (*Id.* at 4 [cleaned up].)
14  The Court found Plaintiff failed to "allege any violation arising under the Constitution, laws, or treaties
15  of the United States upon which relief in this civil action may be granted." (Case No. 1:25-cv-0420,
16  Doc. 4 at 4.)  The magistrate judge recommended the action be dismissed without leave to amend
17  because Plaintiff was informed repeatedly "of the very same pleading and legal requirements," and
18  failed to file a complaint that satisfied the minimum standards of Rule 8.  (*Id.* at 5.)  The Findings and
19  Recommendations remain pending, for resolution of whether to declare Plaintiff a vexatious litigant.

20             28.     *Smith v. Cooley*, Case No. 1:25-cv-0421 KES EPG

21  In the fourth action filed on April 10, 2025, Plaintiff sought to hold Kathy Cooley, the
22  California Lottery, and Vons liable for fraud, "child abuse manipulation[]," and "home invasion
23  robbery." (Case No. 1:25-cv-0421, Doc. 1 at 4.)  According to Plaintiff, Cooley "used manipulation
24  [and] deceit to steal [and] rob;" "put poo [and] urine in food," as well as fentanyl;" attempted murder,
25  and stole a child's lottery ticket, bike, clothes, and more.  (*Id.* at 5.)  The Court screened the complaint
26  and found Plaintiff failed to meet the Rule 8 pleading standards and the Court lacks subject matter
27  jurisdiction.  (Case No. 1:25-cv-0421, Doc. 4 at 3-5.)  The Court found leave to amend would be futile
28  given the "repeated admonitions from the Court" concerning the pleading deficiencies.  (*Id.* at 5.)  The

13

Court dismissed the action on April 17, 2025.  (Case No. 1:25-cv-0421, Doc. 5.)

29. *Smith v. Farmers Insurance*, Case No. 1:25-cv-0422 JLT BAM

In the fifth action filed on April 10, 2025, Plaintiff again sought to state claim against Renee Ballot, Farmers Insurance, and others, evidently related to the same car accident and insurance claim referenced in prior complaints.[4]  (Case No. 1:25-cv-0422, Doc. 1 at 1, 5.)  Once again, Plaintiff asserted the Court had federal question jurisdiction.  (*Id.* at 3.)  The Court screened the complaint and found Plaintiff failed to establish either subject matter or diversity jurisdiction.  Leave to amend was futile due to Plaintiff's repeated failures to comply with the pleading standards identified by the Court in prior actions.  (Case No. 1:25-cv-0422, Doc. 4.)  Therefore, the Court dismissed the action without prejudice for lack of jurisdiction on May 8, 2025.  (Case No. 1:25-cv-0422, Doc. 5.)

**C.   Nature of Plaintiff's Litigation**

"[B]efore a district court issues a pre-filing injunction … it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148.  The Ninth Circuit adopted the Second Circuit's framework on this prong, which requires the Court to consider the plaintiff's litigation history, motive in pursuing litigation, representation by counsel, the expense to others or burdens on the Court, and the possibility of other sanctions. *Ringgold-Lockhart*, 761 F.3d at 1062; *Molski*, 500 F.3d at 1058 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). For the reasons discussed below, the weight of these factors supports a conclusion that Plaintiff engaged in frivolous and harassing behavior through her filings before this Court.

1. Vexatious and harassing lawsuits

As discussed above, none of the lawsuits filed by Plaintiff proceeded beyond the screening stage.  Even when the Court informed Plaintiff that her claims did not invoke the district court's jurisdiction—and explained the pleading standards under the Federal Rules of Civil Procedure—Plaintiff filed additional complaints concerning the same incidents and same parties.  For example, she filed five actions in which she named Dannette Novoa as a defendant, seeking to invoke this Court's

---

[4] In an action filed on May 15, 2024, Plaintiff alleged that Farmers Insurance and Renee Ballot were liable for "breach of contract / faulty contract[,] torts & other manipulative strategies."  (Case No. 1:24-cv-0588, Doc. 1 at 4.)

14

diversity jurisdiction despite the Court's prior findings that the parties were not diverse, and that the Court lacked subject matter jurisdiction over the claims raised. Many of the complaints filed also included plainly fanciful claims against corporations, such as asserting hotels put drugs in her bedsheets and attempted to poison her. Plaintiff's history of frivolous lawsuits, which lacked cognizable claims and failed to invoke this Court's jurisdiction, is clearly apparent from the litigation summary above.

### 2. Motives in filing

With this factor, the Court considers whether "the litigant has an objective good faith expectation of prevailing." *Molski*, 500 F.3d at 1058 (quoting *Safir*, 792 F.2d at 24). Plaintiff did not respond to the Court's order to show cause or provide any information as to why she believed the Court should not declare her as a vexatious litigant, or otherwise show a good faith belief in the merits of her claims. Regardless, the Court is unable to find Plaintiff could reasonably have a good faith expectation of prevailing on her complaints, where the Court *repeatedly*—in each screening order—explained the pleading standards of the Federal Rules of Civil Procedure and the limits of its jurisdiction, yet Plaintiff failed to heed any of this information in her complaints. Her litigation history is objectively inconsistent with a rational, good faith expectation that her complaints would proceed beyond the screening stage. Accordingly, this factor supports a determination that Plaintiff is a vexatious litigant.

### 3. Lack of counsel

Plaintiff appeared pro se in each of the actions filed before the Court. This factor supports a conclusion that Plaintiff is a vexatious litigant.

### 4. Burden on the Court

Plaintiff's frivolous litigation imposes a burden on this Court, which continues to operate in a state of judicial emergency. The Court was required to extend significant judicial resources to screen Plaintiff's complaints, and any amended complaints, because she requests to proceed *in forma pauperis* in each action. As the Court previously informed Plaintiff, it is "heavily impacted," yet Plaintiff persists in bringing frivolous and duplicative claims. (*See, e.g.*, Case No. 1:24-cv-1471, Doc. 5 at 6.) The unnecessary burden on the Court supports a conclusion that Plaintiff is a vexatious litigant. *See De Long*, 912 F.2d at 1148 (observing an individual should not be permitted "to preempt the use of judicial time that … could be used to consider the meritorious claims of other litigants").

### 5. Availability of alternative sanctions

The Court repeatedly informed Plaintiff of the pleading requirements and jurisdictional limits of the federal court, and informed her of the heavy burden her filings have placed on this Court. The repeated standards had no effects, and repeated dismissals of her complaints had no effect. The Court also warned Plaintiff it was considering a vexatious litigant status and gave Plaintiff an opportunity to respond. (*See* Doc. 4.) She failed to do so, and she persists in filing actions that do not meet the pleading standards. The Court concludes a restrictive, pre-filing order is the only way to prevent Plaintiff from additional frivolous filings and ease the burden caused this Court.

### D. Scope of the Vexatious Litigant Restrictions

In *Molski*, the Ninth Circuit approved the scope of a vexatious litigant order because it prevented the plaintiff from filing "only the type of claims [she] had been filing vexatiously," and "because it will not deny [her] access to courts on any … claim that is not frivolous." *Molski*, 500 F.3d at 1061. To prevent the types of actions Plaintiff filed—which included fanciful, frivolous, and duplicative claims—the Court will restrict Plaintiff from proceeding *pro se* and *in forma pauperis*, because such status requires the Court to extend its limited judicial resources to screening her complaints.[5] However, Plaintiff may proceed with an action either by paying the filing the fee *or* appearing with the representation of counsel. This restriction would still permit Plaintiff to have access to the federal court, but it should halt her vexatious litigation.

## IV. Conclusion and Order

Based upon the foregoing, Plaintiff satisfies the definition of a "vexatious litigant." Despite repeated admonitions and guidance from the Court as to pleading requirements, Plaintiff filed non-meritorious complaints and flagrantly abused the judicial system. The Court finds the factors set forth by the Ninth Circuit weigh in favor of imposing pre-filing conditions to thwart Plaintiff from continuing her pattern of vexatious litigation. Thus, the Court **ORDERS**:

1. Plaintiff is **DECLARED** a vexatious litigant.
2. Plaintiff is **BARRED** from proceeding *in forma pauperis* under 28 U.S.C. § 1915(a)(1) in the United States District Court for the Eastern District of California.

---

[5] Toward this end, imposing a requirement that a complaint be screened before service would not have any impact.

3. Plaintiff **SHALL** pay the requisite filing fee in full to proceed in any new action before this Court.

4. Any future complaint filed by Plaintiff in this Court **SHALL** include a cover page including the following: "PLAINTIFF WAS DECLARED A VEXATIOUS LITIGANT IN CASE NO. 1:25-cv-00420 JLT BAM."

5. With any future complaint filed in this Court, Plaintiff **SHALL** file a declaration under penalty of perjury: (1) explaining why Plaintiff believes she has meritorious claims; (2) listing all previous actions she filed in this Court, including the named defendants and all claims made in the previous actions; (3) certifying that as to the newly submitted case that the defendants were not sued before, or that any claims against the same defendants are not related to previous actions; and (4) stating the current claims are not frivolous or made in bad faith.

6. If a complaint filed by Plaintiff, as a *pro se* litigant, does not satisfy the requirements above, the action may be dismissed without screening for failure to comply with the pre-filing conditions.

7. The pre-filing conditions shall be waived if a complaint is filed on Plaintiff's behalf by a licensed attorney at law, in good standing, who signs the filing as counsel of record for Plaintiff.

IT IS SO ORDERED.

Dated:   **June 12, 2025**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

17